IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | 09-80507 |
| Plaintiff, ) | |
| ) | CIV-MARRA |
| v.  ) CIVIL ACTION NO. | MAGISTRATE JUDGE |
| ) | JOHNSON |
| TOWN OF LAKE PARK, FLORIDA, and ) | |
| COMMISSIONERS PATRICIA PLASKET- ) | FILED by AJ3 D.C. |
| OSTERMAN, G. CHUCK BALIUS, JEFF ) | |
| CAREY and ED DALY, in their official ) | MAR 31 2009 |
| capacity as members of the Lake Park Town ) | STEVEN M. LARIMORE |
| Commission, and DESCA DUBOIS, in her ) | CLERK U.S. DIST. CT. |
| official capacity as Mayor of Lake Park. ) | S. D. of FLA. – MIAMI |
| ) | |
| Defendants. ) | |

## COMPLAINT

The United States of America, plaintiff herein, alleges:

1. The Attorney General files this action pursuant to Sections 2 and 12(d) of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, and 42 U.S.C. § 1973j(d). Section 2 prohibits the enforcement of any voting qualification or prerequisite to voting or any standard, practice, or procedure that results in the denial or abridgement of the right to vote on account of race, color, or membership in a language minority. Plaintiff challenges the at-large method of electing the Town of Lake Park Commission on the grounds that it dilutes the voting strength of black citizens in violation of Section 2.

## JURISDICTION

2. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 1973j(f).

## PARTIES

3. Defendant Town of Lake Park (the "Town") is a political and geographical subdivision of the State of Florida.

4. Defendants Patricia Plasket-Osterman, Chuck Balius, Jeff Carey and Ed Daly are elected members of the Commission for the Town of Lake Park (the "Commission"), the body established under the laws of the State of Florida and Article IV of the Charter for the Town. Defendant Desca Dubois, Mayor of Lake Park, serves as a fifth voting member of the Commission.

## ALLEGATIONS

5. According to the 2000 Census, the Town has a total population of 8,721 of whom 4,256 (48%) are black. The percentage of black citizens who are of voting age is thirty-eight percent. White voting age citizens comprise a fifty-three percent majority.

6. The Commission is composed of four members who are elected at-large to three-year staggered terms. The Defendant Desca Dubois, Mayor of Lake Park, serves as a fifth voting member of the Commission in legislative matters.

7. Racially polarized voting patterns prevail in elections in the Town. No black candidate for the Commission has ever won an election since Lake Park was incorporated in 1923. Black voters voting for the Commission are politically cohesive. White bloc voting

usually results in the defeat of candidates who are preferred by black voters. White voters have consistently voted as a bloc so as to defeat every black candidate.

8. The black population of the Town is sufficiently numerous and geographically compact that a properly apportioned single-member district plan for electing the Defendant Commission can be drawn in which black persons would constitute a majority of the total population, voting age population, and citizen voting age population in at least one district.

9. Black persons in Lake Park and throughout Palm Beach County have suffered from a history of official discrimination. Lake Park has engaged in a variety of official discrimination against blacks including, but not limited to, racially discriminatory code enforcement policies, zoning decisions and ordinances, actions by the Lake Park Police Department to prevent blacks from entering the Town after sundown, and threats to exercise eminent domain powers with a racially discriminatory purpose.

10. Significant socioeconomic disparities exist between white and black residents of the Town. Such disparities have the effect of limiting black participation in the Town's at-large elections.

11. Lake Park elections are characterized by the use of practices and procedures that impair black electoral success. These include, but are not limited to, staggered terms, a majority vote requirement and placement of polling locations outside of minority-communities. Other features in the Town, such as gated communities, further impair the ability of black candidates to campaign and be elected.

12. Slating by various residential condominium associations occurs in Lake Park, and black candidates for the Lake Park Town Commission are not given access to this slating process.

13. Political campaigns in the Town have been characterized by subtle and overt racial appeals.

14. No black candidate has ever been elected to a seat on the Commission.

## CAUSE OF ACTION

15. Under the totality of the circumstances, the at-large method of electing the Commission has the effect of diluting black voting strength, resulting in black citizens being denied an opportunity equal to that afforded to other members of the electorate to participate in the political process and to elect representatives of their choice, in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

16. Unless enjoined by order of this Court, Defendants will continue to conduct elections for the Commission under the present method of election that denies black citizens the opportunity to participate equally with white citizens in the political process and to elect candidates of their choice, in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that the Court enter an order:

(1) Declaring that the at-large method of electing the Commission members violates Section 2 of the Voting Rights Act;

(2) Enjoining Defendants, their agents and successors in office, and all persons acting in concert with any of them, from administering, implementing, or conducting any

future elections for the Town of Lake Park under the current at-large method of electing commissioners;

(3) Ordering the implementation of an election system for the Town that complies with Section 2 of the Voting Rights Act, 42 U.S.C. § 1973; and

(4) Ordering such additional relief as the interests of justice may require, together with the costs and disbursements in maintaining this action.

ERIC H. HOLDER, JR.
Attorney General

*Loretta King*
LORETTA KING
Acting Assistant Attorney General
Civil Rights Division

*[signature]*
R. ALEXANDER ACOSTA
United States Attorney
Southern District of Florida
Jeffrey H. Sloman
First Assistant United States Attorney

*[signature]*
CHRISTOPHER COATES
Chief, Voting Section

*[signature]*
J. CHRISTIAN ADAMS
VERONICA S. JUNG
ERNEST A. MCFARLAND
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue
Washington, D.C. 20530
(202) 616-4227 (phone)
(202) 307-3961 (facsimile)

Attorneys for United States of America

-5-

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
TOWN OF LAKE PARK, AND COMMISSIONERS PATRICIA PLASKET-OSTERMAN, ET AL...

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   WPB
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

FILED by AJS D.C.
MAR 31 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

(c) Attorney's (Firm Name, Address, and Telephone Number)
Veronica Harrell-James, AUSA 305-961-9327
99 NE 4th Street, 3rd Floor
Miami, Florida 33132
*** ALSO SEE COMPLAINT FOR OTHER ATTORNEYS

Attorneys (If Known)
Thomas J. Baird, Attorney at Law
11891 U.S. Hwy. One, Suite 100
N.Palm Beach, Fl 33408

(d) Check County Where Action Arose: ☐ DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

09-cv-80507-Marra/Johnson

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Violation of Voting Rights Act of 1965, 42 USC Sections 1973, et seq.,
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE  3-31-09
SIGNATURE OF ATTORNEY OF RECORD  /s/ Veronica Harrell-[signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT  WAIVED  APPLYING IFP _____