IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
**WEST PALM BEACH DIVISION**

THE UNITED STATES OF AMERICA

    Plaintiff,

v.                                                                                     CASE NO.: 09-80507-CIV-MARRA

TOWN OF LAKE PARK, FLORIDA, and
COMMISSIONERS PATRICIA PLASKET-
OSTERMAN, G. CHUCK BALIUS, JEFF
CAREY and ED DALY, in their official
capacity as members of the Lake Park
Town Commission, and DESCA DUBOIS,
in her official capacity as Mayor of Lake
Park,

    Defendants.

_____/

## **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendants Town of Lake Park, Commissioners Patricia Plaske-Osterman, G. Chuck Balius, Jeff Carey and Ed Daly, in their official capacities as members of the Lake Park Town Commission (hereinafter "Commissioners"), and Desca Dubois, in her official capacity as Mayor of Lake Park (hereinafter "Mayor", pursuant to Rules 7, 8, and 12 of the Federal Rules of Civil Procedure, by and through the undersigned counsel, and answers the United States of America's Complaint and sets forth its affirmative and other defenses as follows:

## **ANSWER**

1.    Answering Paragraph 1 of the Complaint, Defendants admit that Sections 2 and 12(d) of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973, and 42

§1973j(d) prohibit the enforcement of any voting qualification or prerequisite to voting or any standard, practice, or procedure that results in the denial or abridgement of the right to vote on account of race or color, and that the United States Attorney General may institute civil actions for preventative, injunctive and other relief, for violations of 42 U.S.C. §1973.  Defendants deny that Sections 2 and 12(d) of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973 or 42 U.S.C. §1973j(d) prohibit the enforcement of any voting standard, practice or procedure that results in the denial or abridgement of the right to vote on account of membership in a language minority.  Defendants further deny that the at-large method of electing the Town of Lake Park Commission dilutes the voting strength of black citizens in violation of Section 2.

  2. Answering Paragraph 2 of the Complaint, Defendants admit that pursuant to 28 U.S.C. §1345 and 42 U.S.C. §1973j(f), this Court has jurisdiction over civil actions commenced by the United States of America, or by any agency or offices thereof, concerning preventative, injunctive or other relief for acts, practices or procedures prohibited by 42 U.S.C. §1973.  Defendants deny all other allegations contained in Paragraph 2.

  3. Answering Paragraph 3 of the Complaint, Defendants admit that the Town of Lake Park is a municipal corporation of the State of Florida.

  4. Answering Paragraph 4 of the Complaint, Defendants admit that Patricia Plasket-Osterman, Jeff Carey and Ed Daly are elected members of the Commission.  Defendants admit that Desca Dubois is the elected Mayor of Lake Park.  Defendant denies all other allegations contained in Paragraph 4.

5. Answering Paragraph 5 of the Complaint, Defendants admit that according to the published 2000 United States Census results, the Town of Lake Park had a total population of 8,721 at the time the Census was taken. Defendants deny all other allegations contained in Paragraph 5.

6. Answering Paragraph 6 of the Complaint, Defendants admit that the Lake Park Town Commission is composed of four commission members and a mayoral seat, all of which are elected at-large to three-year staggered terms. Defendants admit that the current Lake Park Mayor is Desca Dubois. Defendants deny all other allegations contained in Paragraph 6.

7. Answering Paragraph 7 of the Complaint, Defendants admit that no black candidate has been elected to the Lake Park Commission. Defendants deny all other allegations contained in Paragraph 7.

8. Answering Paragraphs 8 through 13 of the Complaint, Defendants deny all allegations contained therein for want of knowledge or information sufficient to form a belief to the truth thereof.

9. Answering Paragraph 14 of the Complaint, Defendants admit that no black candidate has been elected to the Lake Park Commission. Defendants deny all other allegations contained in Paragraph 14.

10. Answering Paragraph 15 of the Complaint, Defendants deny all allegations contained in Paragraph 15.

11. Answering Paragraph 16 of the Complaint, Defendants admit that unless enjoined by Order of this Court, Defendant Town of Lake Park may continue to conduct

elections for the Commission under the present method of election. Defendants deny all other allegations contained in Paragraph 16.

12. Defendants deny any and all allegations of the Complaint contained in the Prayer for Relief.

13. Defendants deny all allegations in the Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Commissioners and the Mayor are not proper parties to this action.

### THIRD DEFENSE

This action and the relief sought are premature, in that the statistical data and reports alleged and relied upon by the Plaintiff are outdated and inconsistent with the current racial composition of the population of the Town of Lake Park, and any relief sought and obtained by Plaintiff in this action will most likely need to be modified based upon the results of the 2010 United States Census data.

### FOURTH DEFENSE

This action and the relief sought are premature, in that the statistical data and reports alleged and relied upon by the Plaintiff are outdated and inconsistent with the current voting age population of the Town of Lake Park, and any relief sought and obtained by Plaintiff in this action will most likely need to be modified based upon the results of the 2010 United States Census data.

Respectfully submitted this 1st day of June, 2009.

                          By: *s/Thomas J. Baird*
                          Thomas J. Baird
                          Florida Bar No.: 0475114
                          **Town Attorney, Town of Lake Park**
                          **Thomas J. Baird, P.A.**
                          11891 U.S. Highway One, Suite 100
                          North Palm Beach, Florida 33408
                          tbaird@tjbairdlaw.com
                          Telephone No.: (561) 625-4400
                          Facsimile No.:  (561) 625-0610

                          Michael K. Grogan
                          Florida Bar No. :  0218928
                          **Allen, Norton & Blue, P.A.**
                          800 West Monroe Street
                          Jacksonville, Florida 32204
                          Telephone No.: (904) 562-4480
                          Facsimile No.:  (904) 562-4499
                          mgrogan@anblaw.com

                          Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that Defendants' Answer and Affirmative Defenses has been filed electronically with the Clerk of the United States District Court, Southern District of Florida, West Palm Beach Division, using the CM/ECF system which I understand will send a notice of electronic filing, on this 1st day of June, 2009, to the following:

    J. Christian Adams
    Veronica S. Jung
    Ernest A. McFarland
    Civil Rights Division
    U.S. Department of Justice
    Room 7245-NWB
    950 Pennsylvania Avenue
    Washington, D.C. 20530
    Telephone  No.: (202) 616-4227
    Facsimile No.:   (202) 307-3961

                                                   *s/  Thomas J. Baird*
                                                         Attorney