IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
**WEST PALM BEACH DIVISION**

THE UNITED STATES OF AMERICA

    Plaintiff,

v.                                                            CASE NO.: 09-80507-CIV-MARRA

TOWN OF LAKE PARK, FLORIDA, and
COMMISSIONERS PATRICIA PLASKET-
OSTERMAN, G. CHUCK BALIUS, JEFF
CAREY and ED DALY, in their official
capacity as members of the Lake Park
Town Commission, and DESCA DUBOIS,
in her official capacity as Mayor of Lake
Park,

    Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS

COMES NOW the Defendants, the Town of Lake Park, the Town of Lake Park Commissioners Patricia Plasket-Osterman, G. Chuck Balius, Jeff Carey and Ed Daly, in their official capacities, and the Mayor of the Town of Lake Park, Desca Dubois, in her official capacity, pursuant to Rules 12, 17 and 19 of the Federal Rules of Civil Procedure and Rule 7.01 of the Rules of the United States District Court for the Southern District of Florida, by and through counsel, and files this Motion to Dismiss Plaintiff's Complaint and states as follows:

1. Plaintiff has brought suit against the Town of Lake Park, Florida; the Town of Lake Park Commissioners Patricia Plasket-Osterman, G. Chuck Balius, Jeff Carey and Ed Daly, in their official capacities (hereinafter "Commissioners"); and the Town of

Lake Park Mayor, Desca Dubois, in her official capacity (hereinafter "Mayor"), pursuant to Sections 2 and 12(d) of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973, and 42 U.S.C. §1973j(d).

2. In the law, a cause of action is a set of facts sufficient to justify a right to sue.

3. In that the factual demographics of 2000 United States Census are no longer accurate for our purposes, Defendants maintain that Plaintiff's Complaint fails to state a cause of action.[1]

4. The statistical information employed by the Plaintiff to prove its prima facie case is factually stale.  The 2000 U.S. Census was a snap shot of the demographics of the Town of Lake Park over nine years ago.  Since 2000, the racial composition of the Town of Lake Park has changed significantly, including but not limited to subsidized housing built and occupied after the 2000 U.S. Census figures were available.  Since 2000, the number of citizens of voting age has evolved.

5. Rather, the Plaintiff should be required to rely on the 2010 United States Census in stating a cause of action and appropriate relief, if any.

6. This action should be dismissed without prejudice, or stayed, until the results of the 2010 U.S. Census are available.  Accordingly, this action, if nothing else, is premature.

7. Defendant G. Chuck Balius, in his official capacity as Commission of the Town of Lake Park is an improper party to this action.  Mr. Balius was not re-elected in

---

[1] In the Complaint Plaintiff alleges in Paragraph 5 that "the Town has a total population of 8,721 of whom 4,256 (48%) are black.  The percentage of black citizens who are of voting age is thirty-eight percent.  White voting age citizens comprise a fifty-three percent majority."

the March 2009 Commission election. The Complaint should be dismissed with prejudice as to Defendant G. Chuck Balius.

8. Defendant Commissioners and Mayor are neither necessary nor indispensable parties in that Defendant Town of Lake Park is a proper party to this action.

9. In that the Plaintiff may sue the Town of Lake Park directly, there is no basis for the Commissioners and/or the Mayor, in their official capacities, to be named Defendants in this matter.

10. Additionally, should Plaintiff be successful in this suit and the Town of Lake Park's election methods are found to dilute the voting strength of its black citizens, Defendant Commissioners and Defendant Mayor, in their official capacities, lack the authority to alter the methods of election for the Town of Lake Park Commission members or the mayoral seat.

11. The Town of Lake Park's Municipal Charter does not reserve the power to alter or amend the Town's Charter to the Commission as to the relief sought by Plaintiff.

12. In the absence of a specific grant of authority to amend the Town Charter by ordinance, §166.021(4) Florida Statutes excepts from municipal powers the authority to amend the respective town charter as to "the terms of elected officers and the manner of their election except for the selection of election dates and qualifying periods for candidates and for changes in terms of office necessitated by such changes in election dates" and "any change in the form of government". §161.021(4), Fla.Stat.(2007).

13. Accordingly, to alter "the terms of elected officers and the manner of their election" in the Town of Lake Park, the amendments must be approved by a voter referendum. §166.031, Fla.Stat.(2007).

14. Lacking the authority to alter the terms of elected officials and the manner of their election, and that the Town of Lake Park may be sued directly, the Complaint should be dismissed with prejudice as to the Commissioners and Mayor.

15. Alternatively, the Palm Beach County Supervisor of Elections is an indispensable party to this action.

16. Historically, the Palm Beach County Supervisor of Elections has managed the Town of Lake Park elections.

17. §98.015, Fla. Stat.(2007), provides for the Supervisor of Elections within the county to oversee the registration of voters and changes in the voter registration status of elector's within the supervisor's county.

18. §98.461, Fla.Stat.(2007), provides for the Supervisor of Elections to provide a list of voters, including identifying the voters' precincts or districts.

19. The Palm Beach County Supervisor of Elections is therefore a necessary or indispensable party to this action, for the reasons set forth in Paragraphs 16 through 18 *infra*. Defendants request the Complaint be dismissed in its entirety to add the Palm Beach County Supervisor of Elections as an indispensable or necessary party.

WHEREFORE, Defendants the Town of Lake Park, Patricia Plasket-Osterman, G. Chuck Balius, Jeff Carey and Ed Daly, in their official capacities as Commissioners of the Town of Lake Park, and Desca Dubois, in her official capacity as Mayor of the Town of Lake Park, respectfully request this Court enter an Order dismissing the

Complaint for failure to state a cause of action. Further, Defendants Patricia Plasket-Osterman, G. Chuck Balius, Jeff Carey and Ed Daly, in their official capacities as Commissioners of the Town of Lake Park, and Desca Dubois, in her official capacity as Mayor of the Town of Lake Park, respectfully request this Court dismiss the Complaint as to each of them with prejudice. Alternatively, the Defendants request this Court dismiss the Complaint for failure to join a necessary or indispensable party, the Palm Beach County Supervisor of Elections.

## MEMORANDUM OF LAW

### A. MOTION TO DISMISS STANDARD

A motion to dismiss is a motion attacking the legal sufficiency of a complaint. Accepting the facts pled in the complaint as true, the court construes those facts in the light most favorable to the plaintiff. Simmons v. Sonyika, 394 F.3d 1335, 1338 (11th Cir. 2004). "Within the context of a Rule 12(b)(6) motion, as there is no record beyond the complaint, the well-pleaded factual allegations in the plaintiff's complaint are the focus of the determination." Epps v. Watson, 492 F.3d 1240, 1243 (11th Cir. 2007) citing Dalrymple v. Reno, 334 F.2d 991, 994-995 (11th Cir. 2003). As argued below, the Complaint fails to state a cause of action in that the factual allegations are stale, the Defendant Commissioners and Mayor in their official capacities are unnecessary parties, and/or the Palm Beach County Supervisor of election is a necessary or indispensable party to this action.

### B. FAILURE TO STATE A CAUSE OF ACTION

Plaintiff, the United States of America, filed suit against the Defendants for the Town of Lake Park's alleged violation of §2 of the Voting Rights Act of 1965, as

amended. In the Complaint the Plaintiff alleges the Town of Lake Park's at-large method of electing Commissioners dilutes the voting strength of its black citizens. Plaintiff seeks to establish the alleged violation through statistical data. Specifically, Plaintiff employs the 2000 U.S. Census demographics to establish a prima facie case against the Defendants.

To prove the Town of Lake Park's election method violates §2 of the Voting Rights Act, Plaintiff must establish three conditions:

> First, the minority group must be able to demonstrate that it is sufficiently large and geographically compact to constitute a majority in a single-member district…Second, the minority group must be able to show that it is politically cohesive…Third, the minority group must be able to demonstrate that the white majority votes sufficiently as a bloc to enable it…usually to defeat the minority's preferred candidate.

<u>Thornburg v.Gingles</u>, 478 U.S. 30, 50-51 (1986). In establishing the first condition of <u>Gingles</u>, Plaintiff historically relies on the U.S. Census data to show both that the minority population of the particular municipality is sufficiently large. Further, the U.S. Census data is employed to show that the minority population is geographically compact to constitute a majority in a single member district. In this matter, the Plaintiff's Complaint solely relies on the data within the 2000 U.S. Census to establish the first prong of <u>Gingles</u>.

Defendants offer that the 2000 U.S. Census data is no longer accurate. The 2000 U.S. Census was a snap shot of the demographics, and racial composition, of the Town of Lake Park over 9 years ago. Since 2000, the racial composition of the Town of Lake Park has changed. Further, the percentage of voting age residents is a significant variable that undermines the statistical analysis offered by Plaintiff.

Plaintiff relies on a set of facts no longer accurate to establish its case against the Town of Lake Park.  Should this Court find in favor of the Plaintiff, or should the parties agree to a consent decree, the new election method will be based on obsolete factual assertions.  As such, it would follow that the Town of Lake Park would again be compelled to amend the election methods immediately after the release of the 2010 Census.

Defendants anticipate Plaintiff will argue that the data relied on is current and that the remedy, if awarded, will be fashioned to alleviate the historical problem of dilution of voting strength for black citizens of the Town of Lake Park.  This argument is short-sighted at best.  The ultimate goal of the Voting Rights Act of 1965, and the Civil Rights Acts in general, is to alleviate disparity based on color or race.  The best course of action to alleviate disparity would be to fashion a remedy pursuant to accurate and timely factual allegations.  Awaiting the results of the 2010 U.S. Census would permit the Court, or the parties, to craft a solution to not only remedy any alleged historical disparity but any current disparity.

> Where there has been unlawful discrimination, a district court has not only the power but the responsibility to fashion a remedy that will as much as possible eliminate the discriminatory effects of past discrimination as well as bar like discrimination in the future.

Paradise v. Prescott, 585 F.Supp.72, 75 (M.D. Ala. 1983) *affirmed* 767 F.2d 1514 (11th Cir. 1985), citing Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1972). As such, the Defendants respectfully request this Court enter an order dismissing the Complaint without prejudice, or stay this proceeding, until the publication of the 2010 U.S. Census data.

### C. DISMISS DEFENDANT G. CHUCK BALIUS

Defendant G. Chuck Balius is no longer a member of the Town of Lake Park Commission. Mr. Balius was not re-elected in the March 2009 election for the Town of Lake Park Commission. As such, Defendant G. Chuck Balius, in his official capacity as Commissioner of the Town of Lake Park, respectfully requests this Court enter an order dismissing the Complaint as to him with prejudice.[2]

### D. DISMISS THE INDIVIDUAL NAMED COMMISSIONERS AND MAYOR

Plaintiff brings suit against the Town of Lake Park, the individual Commissioners of the Town of Lake Park, and the Mayor of the Town of Lake Park. The presence of the individual Commissioners and Mayor are unnecessary as the Commissioners and Mayor are not indispensable parties to this action. Much like a §1983 action, the Town of Lake Park can be sued directly. Additionally, the Commissioners and Mayor legally lack the authority to alter the terms of the Town's elected officials or the manner of their election. The Town of Lake Park is the proper Defendant in that it alone is sufficient to ensure adequate judgment should Plaintiff prevail.

In §1983 cases suing an individual officer is not necessary in that either a county or municipality may be sued directly. The rationale being

> Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity received notice and an opportunity to respond.

---

[2] Plaintiff filed a Motion for Leave to Amend the Complaint with this Court on April 30, 2009. In the Motion for Leave to Amend, Plaintiff seeks to substitute Defendant Balius with Kendall Rumsey who was elected to the Commission in the March 2009 election.

Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Here Defendants acknowledge this matter is not a §1983 case, but the rationale used in §1983 cases equally applies to §2 Voting Rights cases.

Further illustrative that the individual Commissioners and Mayor are unnecessary Defendants in this matter, is the fact the Commissioners and Mayor did not create the at-large method of election as currently employed by the Town of Lake Park. No affirmative action by any of the individually named Defendants created the alleged violation. Rather, the method of election for the Town of Lake Park Commission was established prior to any of the individual Defendants taking their office. The individual Defendants have been named merely because they currently hold the positions of Commissioner or Mayor. As aptly stated by the Middle District of Alabama in a combined §1983 and §2 Voting Rights action, "[t]o retain this suit as against Mayor [Dubois] and the [Commissioner] Defendants in their official capacity and also as one against the [Town of Lake Park] would be redundant…" Holley v. City of Roanake, Alabama, 162 F.Supp.2d 13351341-1342 (M.D. Ala. 2001).

In addition to redundancy, Defendant Commissioners and Defendant Mayor are unnecessary parties to this suit because they lack the legal authority to alter the method of election of the Town of Lake Park Commission or the Mayor. The Town Charter does not reserve the power to alter the terms of elected officers or the manner of their election. Consequently, pursuant to §166.021(4) Florida Statutes, amendment to the Town Charter as to the terms of elected officers and/or the manner of their election shall be made by voter referendum.

Title XII of the Florida Statutes covers Municipalities. Chapter 166 details, in part, the powers reserved to municipal governments. Known as the Municipal Home Rule Powers Act, as granted by Section 2(b), Article VII of the Florida Constitution, Florida municipalities possess

> the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law.

§166.021(a), Fla. Stat.(2007). It is because of one of these enumerated exceptions that the Commissioners and Mayor are not proper defendants to this cause of action.

§166.021(4) provides

> However, nothing in this act shall be construed to permit any changes in a special law or municipal charter…which affect…the terms of elected officers and the manner of their election except for the selection of election dates and qualifying period for candidates and for changes in terms of office necessitated by such changes in election dates, the distribution of powers among elected officers, matters prescribed by the charter relating to appointive boards, any change in the form of government, or any rights of municipal employees, without approval by referendum of the electors as provided in s. 166.031.

§166.021(4), Fla.Stat.(2007).

The issue of whether a voter referendum was required to alter the term of office from two years to three years for a city councilman has previously come before the Florida Attorney General. In AGO 2001-81, the City Attorney for Punta Gorda, Florida asked the Florida Attorney General for an opinion on this issue. Reaching the conclusion that such a change would require a voter referendum, the Attorney General opined "Section 166.031, Florida Statutes, sets forth the procedures to be observed in amending municipal charters, including a requirement that a proposed amendment shall be subject to approval by referendum of the voters." Op. Atty.Gen.Fla. 01-81(2001).

Defendant Commissioners and Defendant Mayor may not legally alter or amend the Town's Charter or enact legislation concerning the specific subject of the terms of elected officers or the manner of their election. The individual Commissioners and Mayor in their official capacities therefore are unnecessary parties to this action. They lack the power to effect a change in the method of election, a result certain should the Plaintiff prevail in this case. Rather, the citizens of Lake Park possess the power. Through referendum, it is the electors of Lake Park that must authorize legislation altering any alleged violation of the Voting Rights Act of 1965, as amended.

If the Commission lacks the authority to enact legislation or amend the Town Charter as to this issue, it would follow that the Commission would lack the authority to agree and implement the terms of a consent agreement on behalf of the Town of Lake Park. Commissioners and Mayors may come and go, but any judgment, decree, and/or other legal consequences of this suit will remain.[3] The Town of Lake Park itself is the proper Defendant, in that it, as the Town, will defend this suit and/or be held accountable, not the individual Commissioners or the Mayor in their official capacities.

E. **THE SUPERVISOR OF ELECTIONS MAY BE AN INDISPENSABLE PARTY**

The Palm Beach County Supervisor of Elections is mandated pursuant to Florida Statutes to maintain voter registration and eligibility. See Paragraphs 16 through 18 *infra*. These preconditions will be essential in moving from any city-wide to district voting.

Historically the elected Palm Beach County Supervisor of Elections has run the elections for the Town of Lake Park, including voting sites, ballots, personnel, and

---

[3] This is evidenced in that Defendant G. Chuck Balius, in his official capacity as Commissioner of the Town of Lake Park, is no longer in office and the Complaint should be dismissed with prejudice as to him.

administrative and professional expertise.  Here the Complaint and any order or potential consent decree would place all responsibility on the Town of Lake Park to do what it has not done in the past, i.e. conduct the elections for the Commission and Mayor, on an impractical deadline.  If this Complaint is not dismissed, the Palm Beach County Supervisor of Elections should be joined as a necessary or indispensable party to this action.   The Town of Lake Park has no interest or expertise in voter registration, maintaining voter rolls, changing polling sites or conducting its elections.

Respectfully submitted this 1st day of June, 2009.

By: *s/Thomas J. Baird*
Thomas J. Baird
**Town Attorney, Town of Lake Park**
**Thomas J. Baird, P.A.**
Florida Bar No.: 0475114
11891 U.S. Highway One, Suite 100
North Palm Beach, Florida 33408
tbaird@tjbairdlaw.com
Telephone No.:  (561) 625-4400
Facsimile No.:   (561) 625-0610

Michael K. Grogan
Florida Bar No. :  0218928
**Allen, Norton & Blue, P.A.**
800 West Monroe Street
Jacksonville, Florida 32204
Telephone No.: (904) 562-4480
Facsimile No.:  (904) 562-4499
mgrogan@anblaw.com

Attorneys for Defendants

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so.

*s/ Thomas J. Baird*
Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that Defendants' Motion to Dismiss and has been filed electronically with the Clerk of the United States District Court, Southern District of Florida, West Palm Beach Division, using the CM/ECF system which I understand will send a notice of electronic filing, on this 1st day of June, 2009, to the following:

J. Christian Adams
Veronica S. Jung
Ernest A. McFarland
Civil Rights Division
U.S. Department of Justice
Room 7245-NWB
950 Pennsylvania Avenue
Washington, D.C. 20530
Telephone  No.: (202) 616-4227
Facsimile No.:   (202) 307-3961

*s/ Thomas J. Baird*
Attorney