IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH  DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-80507-MARRA |
| | ) | |
| TOWN OF LAKE PARK, FLORIDA, and | ) | |
| COMMISSIONERS PATRICIA PLASKET- | ) | |
| OSTERMAN, JEFF CAREY, ED DALY and | ) | |
| KENDALL RUMSEY, in their official | ) | |
| capacity as members of the Lake Park Town | ) | |
| Commission, and DESCA DUBOIS, in her | ) | |
| official capacity as Mayor of Lake Park. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |

## AMENDED COMPLAINT

The United States of America, plaintiff herein, alleges:

1.      The Attorney General files this action pursuant to Sections 2 and 12(d) of the

Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973, and 42 U.S.C. § 1973j(d).  Section 2

prohibits the enforcement of any voting qualification or prerequisite to voting or any standard,

practice, or procedure that results in the denial or abridgement of the right to vote on account of

race, color, or membership in a language minority.  Plaintiff challenges the at-large method of

electing the Town of Lake Park Commission on the grounds that it dilutes the voting strength of

black citizens in violation of Section 2.

## JURISDICTION

2.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 and 42

U.S.C. § 1973j(f).

## PARTIES

3.     Defendant Town of Lake Park (the "Town") is a political and geographical subdivision of the State of Florida.

4.     Defendants Patricia Plasket-Osterman, Jeff Carey, Ed Daly and Kendall Rumsey[1] are elected members of the Commission for the Town of Lake Park (the "Commission"), the body established under the laws of the State of Florida and Article IV of the Charter for the Town.  Defendant Desca Dubois, Mayor of Lake Park, serves as a fifth voting member of the Commission.

## ALLEGATIONS

5.     According to the 2000 Census, the Town has a total population of 8,721 of whom 4,256 (48%) are black.  The percentage of black citizens who are of voting age is thirty-eight percent.   White voting age citizens comprise a fifty-three percent majority.

6.     The Commission is composed of four members who are elected at-large to three-year staggered terms.  The Defendant Desca Dubois, Mayor of Lake Park, serves as a fifth voting member of the Commission in legislative matters.

7.     Racially polarized voting patterns prevail in elections in the Town.  No black candidate for the Commission has ever won an election since Lake Park was incorporated in 1923.  Black voters voting for the Commission are politically cohesive.  White bloc voting

---

[1]  In its original complaint, filed on March 31, 2009, the United States named as defendant Lake Park Town Commissioner G. Chuck Balius.  Kendall Rumsey, who unseated Commissioner Balius in an election held on March 24, 2009, duly was sworn into office as the new Town Commissioner on April 1, 2009.  On April 30, 2009 the United States filed a Motion for Leave to Amend the Complaint ("Motion for Leave") and a Memorandum of Law in support thereof.  On May 19, 2009 the Court entered an order granting the Plaintiff's Motion for Leave.

usually results in the defeat of candidates who are preferred by black voters.  White voters have consistently voted as a bloc so as to defeat every black candidate.

8.     The black population of the Town is sufficiently numerous and geographically compact that a properly apportioned single-member district plan for electing the Defendant Commission can be drawn in which black persons would constitute a majority of the total population, voting age population, and citizen voting age population in at least one district.

9.     Black persons in Lake Park and throughout Palm Beach County have suffered from a history of official discrimination.  Lake Park has engaged in a variety of official discrimination against blacks including, but not limited to, racially discriminatory code enforcement policies, zoning decisions and ordinances, actions by the Lake Park Police Department to prevent blacks from entering the Town after sundown, and threats to exercise eminent domain powers with a racially discriminatory purpose.

10.     Significant socioeconomic disparities exist between white and black residents of the Town.  Such disparities have the effect of limiting black participation in the Town's at-large elections.

11.     Lake Park elections are characterized by the use of practices and procedures that impair black electoral success.  These include, but are not limited to, staggered terms, a majority vote requirement and placement of polling locations outside of minority-communities.  Other features in the Town, such as gated communities, further impair the ability of black candidates to campaign and be elected.

12.     Slating by various residential condominium associations occurs in Lake Park, and black candidates for the Lake Park Town Commission are not given access to this slating process.

13.   Political campaigns in the Town have been characterized by subtle and overt racial appeals.

14.   No black candidate ever has been elected to a seat on the Commission.

## CAUSE OF ACTION

15.   Under the totality of the circumstances, the at-large method of electing the Commission has the effect of diluting black voting strength, resulting in black citizens being denied an opportunity equal to that afforded to other members of the electorate to participate in the political process and to elect representatives of their choice, in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

16.   Unless enjoined by order of this Court, Defendants will continue to conduct elections for the Commission under the present method of election that denies black citizens the opportunity to participate equally with white citizens in the political process and to elect candidates of their choice, in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that the Court enter an order:

(1)   Declaring that the at-large method of electing the Commission members violates Section 2 of the Voting Rights Act;

(2)   Enjoining Defendants, their agents and successors in office, and all persons acting in concert with any of them, from administering, implementing, or conducting any future elections for the Town of Lake Park under the current at-large method of electing commissioners;

(2)   Ordering the implementation of an election system for the Town that complies with Section 2 of the Voting Rights Act, 42 U.S.C. § 1973; and

-4-

(3)     Ordering such additional relief as the interests of justice may require, together

with the costs and disbursements in maintaining this action; and

(4)     Awarding such other equitable and further relief as the Court deems just and

proper.

Dated: June 10, 2009

ERIC H. HOLDER, JR.
Attorney General

 s/ Loretta King
LORETTA KING
Acting Assistant Attorney General
Civil Rights Division

 s/ Veronica Harrell-James
Jeffrey H. Sloman
Acting United States Attorney
Southern District of Florida
Veronica Harrell-James
Assistant United States Attorney

 s/ Christopher Coates
CHRISTOPHER COATES
Chief, Voting Section

 s/ Veronica Seungwon Jung
J. CHRISTIAN ADAMS
VERONICA SEUNGWON  JUNG
ERNEST A. MCFARLAND
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue
Washington, D.C.  20530
(202) 616-4227 (phone)
(202) 307-3961 (facsimile)

Attorneys for United States of America

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 10th day of June 2009, I electronically filed the foregoing Amended Complaint with the Clerk of Court by using the CM/ECF system, and that a true and accurate copy of the foregoing was served by electronic mail and first class mail upon:

Attorneys for Defendants

Michael Grogan
Allen Norton & Blue, P.A.
800 West Monroe Street
Jacksonville, FL 32202
Phone: 904-562-4480
Facsimile: 904-562-4499
Email: mgrogan@anblaw.com

Thomas Baird
11891 U.S. Highway 1
Suite 105
North Palm Beach, Florida 33408
Phone: 561-625-4400
Email: tbaird@tjbairdlaw.com

This Certificate was executed on June 10, 2009 at Washington, D.C.

s/ Veronica Seungwon Jung
Veronica Seungwon Jung
Trial Attorney
United States Department of Justice
Civil Rights Division, Voting Section
Room 7268-NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 305-0688 (phone)
(202) 307-3961 (facsimile)