IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
**WEST PALM BEACH DIVISION**

THE UNITED STATES OF AMERICA

    Plaintiff,

v.                                        CASE NO.: 09-80507-CIV-MARRA

TOWN OF LAKE PARK, FLORIDA, and
COMMISSIONERS PATRICIA PLASKET-
OSTERMAN, JEFF CAREY, ED DALY, and
KENDALL RUMSEY, in their official
capacity as members of the Lake Park
Town Commission, and DESCA DUBOIS,
in her official capacity as Mayor of Lake
Park,

    Defendants.

_____/

## **DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

COMES NOW the Defendants, the Town of Lake Park, the Town of Lake Park Commissioners Patricia Plasket-Osterman, Kendall Rumsey, Jeff Carey and Ed Daly, in their official capacities, and the Mayor of the Town of Lake Park, Desca Dubois, in her official capacity, pursuant to Rules 12 and 17 of the Federal Rules of Civil Procedure and Rule 7.01 of the Rules of the United States District Court for the Southern District of Florida, by and through counsel, and files this Motion to Dismiss Plaintiff's Amended Complaint and states as follows:

    1.    Plaintiff has brought suit against the Town of Lake Park, Florida; the Town of Lake Park Commissioners Patricia Plasket-Osterman, Kendall Rumsey, Jeff Carey and Ed Daly, in their official capacities (hereinafter "Commissioners"); and the Town of

Lake Park Mayor, Desca Dubois, in her official capacity (hereinafter "Mayor"), pursuant to Sections 2 and 12(d) of the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973, and 42 U.S.C. §1973j(d).

2. In the law, a cause of action is a set of facts sufficient to justify a right to sue.

3. Defendants maintain that Plaintiff's Amended Complaint fails to state a cause of action.[1]

4. Rather, the Plaintiff should be required to rely on the 2010 United States Census in stating a cause of action and appropriate relief, if any.

5. This action should be dismissed without prejudice, or stayed, until the results of the 2010 U.S. Census are available. Accordingly, this action, if nothing else, is premature.

6. Defendant Commissioners and Mayor are neither necessary nor indispensable parties in that Defendant Town of Lake Park is a proper party to this action.

7. In that the Plaintiff may sue the Town of Lake Park directly, there is no basis for the Commissioners and/or the Mayor, in their official capacities, to be named Defendants in this matter.

8. Additionally, should Plaintiff be successful in this suit and the Town of Lake Park's election methods are found to dilute the voting strength of its black citizens, Defendant Commissioners and Defendant Mayor, in their official capacities, lack the

---

[1] In the Amended Complaint Plaintiff alleges in Paragraph 5 that "the Town has a total population of 8,721 of whom 4,256 (48%) are black. The percentage of black citizens who are of voting age is thirty-eight percent. White voting age citizens comprise a fifty-three percent majority."

authority to alter the terms of office and the manner of election of the Town Commission members and the Mayor.

9. Neither the Mayor, nor any of the Commissioners, can act unilaterally to alter the terms of office or manner of election of their respective offices.  Although the Mayor and Commissioners acting collectively through the Town Commissioner exercise broad "home rule" authority, the Town Charter does not reserve the power to alter the terms of office or the manner of the election of Commissioners to the Town Commission, which is the relief sought by Plaintiff.  Pursuant to Section 166.031(1), Florida Statutes, the Mayor and Commissioners, acting collectively (and by majority vote) may only enact an ordinance which proposes to place a proposed  amendment to the Lake Park Charter regarding their terms of office and manner of election on a ballot for a vote of the electors of the Town of Lake Park..

10. Indeed, §166.021(4) Florida Statutes specifically prohibits the alteration of amendment "the terms of elected officers and the manner of their election (except for the selection of election dates and qualifying periods for candidates and for changes in terms of office necessitated by such changes in election dates") and "any change in the form of government" by a legislative action (a majority vote of the five members) of the Commission. See §161.021(4), Fla.Stat.(2007).

11. Accordingly, to alter "the terms of elected officers and the manner of their election" in the Town of Lake Park, the amendments must be approved by a voter referendum.  §166.031, Fla.Stat.(2007).

12. Lacking the authority to alter the terms of elected officials and the manner of their election, and given that the Town of Lake Park can act only collectively by and

through its Commission which may be and has been sued directly, the Complaint should be dismissed with prejudice as to the Commissioners and Mayor in their respective official capacities.

WHEREFORE, Defendants the Town of Lake Park, Patricia Plasket-Osterman, Kendall Rumsey, Jeff Carey and Ed Daly, in their official capacities as Commissioners of the Town of Lake Park, and Desca Dubois, in her official capacity as Mayor of the Town of Lake Park, respectfully request this Court enter an Order dismissing the Amended Complaint for failure to state a cause of action.  Further, Defendants Patricia Plasket-Osterman, Kendall Rumsey, Jeff Carey and Ed Daly, in their official capacities as Commissioners of the Town of Lake Park, and Desca Dubois, in her official capacity as Mayor of the Town of Lake Park, respectfully request this Court dismiss the Amended Complaint as to each of them with prejudice.

## MEMORANDUM OF LAW

### A. MOTION TO DISMISS STANDARD

A motion to dismiss is a motion attacking the legal sufficiency of a complaint. Accepting the facts pled in the complaint as true, the court construes those facts in the light most favorable to the plaintiff. Simmons v. Sonyika, 394 F.3d 1335, 1338 (11th Cir. 2004). "Within the context of a Rule 12(b)(6) motion, as there is no record beyond the complaint, the well-pleaded factual allegations in the plaintiff's complaint are the focus of the determination." Epps v. Watson, 492 F.3d 1240, 1243 (11th Cir. 2007) citing Dalrymple v. Reno, 334 F.2d 991, 994-995 (11th Cir. 2003).  As argued below, the Amended Complaint fails to state a cause of action in that the factual allegations are

untimely and the Defendant Commissioners and Mayor in their official capacities are unnecessary parties.

**B.     FAILURE TO STATE A CAUSE OF ACTION**

Plaintiff, the United States of America, filed suit against the Defendants for the Town of Lake Park's alleged violation of §2 of the Voting Rights Act of 1965, as amended. In the Amended Complaint the Plaintiff alleges the Town of Lake Park's at-large method of electing Commissioners dilutes the voting strength of its black citizens. Plaintiff seeks to establish the alleged violation through statistical data. Specifically, Plaintiff employs the 2000 U.S. Census demographics to establish a prima facie case against the Defendants.

To prove the Town of Lake Park's election method violates §2 of the Voting Rights Act, Plaintiff must establish three conditions:

> First, the minority group must be able to demonstrate that it is sufficiently large and geographically compact to constitute a majority in a single-member district…Second, the minority group must be able to show that it is politically cohesive…Third, the minority group must be able to demonstrate that the white majority votes sufficiently as a bloc to enable it…usually to defeat the minority's preferred candidate.

Thornburg v.Gingles, 478 U.S. 30, 50-51 (1986). In establishing the first condition of Gingles, Plaintiff relies on the U.S. Census data to show both that the minority population of the particular municipality is sufficiently large. Further, the U.S. Census data is employed to show that the minority population is geographically compact to constitute a majority in a single member district. In this matter, the Plaintiff's Amended Complaint solely relies on the data within the 2000 U.S. Census to establish the first prong of Gingles. Should this Court find in favor of the Plaintiff, or should the parties agree to a consent decree, the new election method will be based on factual assertions

5
ALLEN, NORTON & BLUE, P.A.

which are 10 tens old.  It is likely that the Court's Order would require that the Town of Lake Park would be compelled to amend the election methods immediately after the release of the 2010 Census and hold another election.  Thus, the Town of Lake Park would incur the expenses of two elections and a referendum within two years.  Moreover, the voters of the Town of Lake Park who voted in the first Election for candidates for the four single member districts would become disenfranchised if the Commission Districts must be again re-drawn to reflect the changes in the geographic distribution of the minority population and/or the percentage of voting age population.

Defendants anticipate Plaintiff will argue that the data relied on is current, and that the remedy, if awarded, will be fashioned to alleviate the historical problem of dilution of voting strength for black citizens of the Town of Lake Park.  For the reasons stated above, this argument is short-sighted.  The ultimate goal of the Voting Rights Act of 1965, and the Civil Rights Acts in general, is to alleviate disparity based on color or race.  The best course of action to alleviate disparity would be to fashion a remedy pursuant to accurate and timely factual allegations.  Awaiting the results of the 2010 U.S. Census would permit the Court, or the parties, to craft a solution to not only remedy any historical disparity but any current disparity.

> Where there has been unlawful discrimination, a district court has not only the power but the responsibility to fashion a remedy that will as much as possible eliminate the discriminatory effects of past discrimination as well as bar like discrimination in the future.

Paradise v. Prescott, 585 F.Supp.72, 75 (M.D. Ala. 1983) *affirmed* 767 F.2d 1514 (11th Cir. 1985), citing Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1972). As such, the Defendants respectfully request this Court enter an order dismissing the Amended

Complaint without prejudice, or stay this proceeding, until the publication of the 2010 U.S. Census data.

**C.     DISMISS THE INDIVIDUAL NAMED COMMISSIONERS AND MAYOR**

Plaintiff brings suit against the Town of Lake Park, the individual Commissioners of the Town of Lake Park, and the Mayor of the Town of Lake Park in their respective official capacities.  The naming of the individual Commissions and Mayor as separate Defendants is both unnecessary and duplicative given the relief sought by the United States.  Neither the Commissioners nor the Mayor are indispensable parties to this action because the remedy sought by the United States can be achieved and will only be achieved if the Town acting through its representative body, the Town Commission, takes action.  The individual Commissioners and Mayor have no legal authority to enter into a Consent Decree.   This can only be achieved through a majority vote of the Town Commission.  Moreover, should the Plaintiff ultimately prevail and this Court mandate that the terms of office and/or the manner of electing Commissioners be ordered to be altered, the Commissioners cannot, each acting individually comply; rather the actions necessary to carry out this Court's Order could only be carried out by the Town Commission taking action to adopt the necessary Ordinances to amend the Town's Charter..  Accordingly, the Town of Lake Park is the only proper Defendant in that it alone, as the Legislative entity with the legal authority to change the Town of Lake Park's Charter, has the authority under the Florida Constitution and statutes to ensure the implementation of the relief sought should Plaintiff prevail.[2]

---

[2] Defendants would like to submit for the Court <u>United States v. City of Euclid, et.al</u>., a 2006 case from the U.S. District Court, Northern District of Ohio, Eastern Division, Case No.1:06-cv-01652.  In this case the original Complaint named the City of Euclid, the County Board of Elections and the City Council members as Defendants.  The Council moved to dismiss themselves as Defendants on the theory of sui juris.

7

ALLEN, NORTON & BLUE, P.A.

Section 1983 cases are instructive in this regard.  In §1983 cases countless federal courts have held that suing an individual officer is not necessary because either a county or municipality may be sued directly.  The rationale being

> Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity received notice and an opportunity to respond.

Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991).  Here Defendants acknowledge this matter is not a §1983 case, but the rationale used in §1983 cases equally applies to §2 Voting Rights cases, i.e. a suit against the Town of Lake Park is the functional equivalent of a suit against the individual Mayor and Commissioners in their official capacities.  Thus, naming the Town of Lake Park and the individual Mayor and Commissioners is duplicative.

Further illustrative that the individual Commissioners and Mayor are unnecessary is the fact the Commissioners and Mayor did not create the at-large method of election as currently employed by the Town of Lake Park.  No affirmative action by any of the individually named Defendants created or fostered the alleged violation.  Rather, the method of election for the Town of Lake Park Commission was established prior to any of the individual Defendants taking their office.  The individual Defendants have been named merely because they currently hold the positions of Commissioner or Mayor.  As aptly stated by the Middle District of Alabama in a combined §1983 and §2 Voting Rights action, "[t]o retain this suit as against Mayor [Dubois] and the [Commissioner] Defendants in their official capacity and also as one against the [Town of Lake Park]

---

Although unpublished, the Court dismissed the Council as Defendants.  Please see Exhibit A, paragraph 15.

would be redundant…" Holley v. City of Roanoke, Alabama, 162 F.Supp.2d 1335, 1341-1342 (M.D. Ala. 2001).

In addition to redundancy, Defendant Commissioners and Defendant Mayor are unnecessary parties to this suit because they individually lack the legal authority to alter the method of election of the Town of Lake Park Commission or Mayor.  The Town Charter does not reserve the power to alter the terms of elected officers or the manner of their election.  Consequently, pursuant to §166.021(4) Florida Statutes, amendment to the Town Charter as to the terms of elected officers and/or the manner of their election shall be made by voter referendum.  §166.021(4), Fla. Stat.(2007).  The Mayor and Commissioners only role in this regard is to enact an Ordinance (by majority vote) which places a ballot question before the electors for referendum.

Chapter 116, Florida Statutes, articulates the powers reserved to municipal governments:

> the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law.

§166.021(a), Fla.Stat.(2007). The Commissioners and Mayor are not proper Defendants to this cause of action because §166.021(4), Florida Statutes, expressly prohibits the Mayor and Commissioners from changing their respective terms and the manner in which they are elected (single member versus at large).

> [N]othing in this act shall be construed to permit any changes in a special law or municipal charter…which affect…the terms of elected officers and the manner of their election except for the selection of election dates and qualifying period for candidates and for changes in terms of office necessitated by such changes in election dates, the distribution of powers among elected officers, matters prescribed by the charter relating to appointive boards, any change in the form of

> government, or any rights of municipal employees, without approval by referendum of the electors as provided in s. 166.031.

§166.021(4), Fla.Stat.(2007).

The Florida Attorney General addressed the issue of whether a voter referendum was required to alter the term of office from two to three years for a city councilman in the City of Punta Gorda, Florida. The Florida Attorney General concluded that such a change would require a voter referendum See Op.Att'y.Gen.Fla. 01-81(2001). ("Section 166.031, Florida Statutes, sets forth the procedures to be observed in amending municipal charters, including a requirement that a proposed amendment shall be subject to approval by referendum of the voters." Op. Att'y.Gen.Fla. 01-81(2001).) See also §166.031, Fla.Stat.(2007).

Similarly, the Florida Attorney General addressed whether "the City Commission of Ormond Beach [could] amend the city charter by ordinance with respect to the term of the deputy mayor when that officer is elected by the other members of the commission?" Again, the Florida Attorney General opined the proposed amendment "must be the subject of approval by referendum." Op.Att'y.Gen.Fla.90-11(1990).

If the Plaintiff ultimately prevails, the Defendants would not oppose an Order from the Court relieving the Town of Lake Park and the Palm Beach County Supervisor of Elections from conducting a referendum. However, the point is that the Defendant Commissioners and Defendant Mayor may not legally alter or amend the Town's Charter or enact legislation concerning their terms or the manner of their election. The individual Commissioners and Mayor in their official capacities therefore are unnecessary parties to this action.

Commissioners and Mayors may come and go, but any judgment or consent decree which may result from this suit will remain applicable to the Town Commission as collective entity responsible for the Town's governance. The judgment or consent decree will not be applicable to, nor will it be carried out by individual Commissioners.[3] The Town of Lake Park (which can only act through its Town Commission) is the proper Defendant, not the individual Commissioners or the Mayor in their official capacities.

Respectfully submitted this 22nd day of June, 2009.

By: *s/Michael K. Grogan*

Michael K. Grogan
Florida Bar No. :  0218928
**Allen, Norton & Blue, P.A.**
800 West Monroe Street
Jacksonville, Florida 32204
Telephone No.: (904) 562-4480
Facsimile No.:  (904) 562-4499
mgrogan@anblaw.com
Thomas J. Baird
**Town Attorney, Town of Lake Park**
**Thomas J. Baird, P.A.**
Florida Bar No.: 0475114
11891 U.S. Highway One, Suite 100
North Palm Beach, Florida 33408
tbaird@tjbairdlaw.com
Telephone No.:  (561) 625-4400
Facsimile No.:   (561) 625-0610

Attorneys for Defendants

---

[3] This is evidenced in that the Complaint named G. Chuck Balius, in his official capacity as Commissioner of the Town of Lake Park, as a Defendant.  G. Chuck Balius is no longer in office and Plaintiff has substituted Commissioner Rumsey for former Commissioner Balius as a named Defendant in the Amended Complaint.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that Defendant, Town of Lake Park's Answer and Affirmative Defenses has been filed electronically with the Clerk of the United States District Court, Southern District of Florida, West Palm Beach Division, using the CM/ECF system which I understand will send a notice of electronic filing, on this 22nd day of June, 2009, to the following:

    J. Christian Adams
    Veronica S. Jung
    Ernest A. McFarland
    Civil Rights Division
    U.S. Department of Justice
    Room 7245-NWB
    950 Pennsylvania Avenue
    Washington, D.C. 20530
    Telephone  No.: (202) 616-4227
    Facsimile No.:   (202) 307-3961

                                               *s/ Michael K. Grogan*
                                                   Attorney