IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TOWN OF LAKE PARK, FLORIDA, and ) <br> COMMISSIONERS PATRICIA PLASKET- ) <br> OSTERMAN, JEFF CAREY, ED DALY and ) <br> KENDALL RUMSEY, in their official capacity ) <br> as members of the Lake Park Town ) <br> Commission, and DESCA DUBOIS, in her ) <br> official capacity as Mayor of Lake Park. ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION NO. 09-80507-MARRA |

## CONSENT JUDGMENT AND DECREE

The United States filed this action alleging that the current at-large method of electing the Commissioners for the Town of Lake Park (the "Commissioners"), enhanced by the use of staggered terms and designated posts, results in black citizens of the Town of Lake Park (the "Town") having less opportunity than white citizens to participate in the political process and elect candidates of choice in violation of Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973 ("Section 2"). The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 1973j(f).

The parties, through counsel, have conferred extensively and agree that it is in the best interest of all parties that this lawsuit be resolved without the expense of protracted, costly and potentially divisive litigation. The parties share the goal that all future elections for the Town's Commission are conducted under a method of election that allows the Town's black citizens the opportunity to elect their candidates of choice, in compliance with Section 2. Accordingly, the parties have entered into the following Consent Judgment and Decree (the "Decree") as an appropriate resolution of this civil action.

The parties stipulate as follows:

1. Defendant Town of Lake Park (the "Town") is a municipal corporation in the State of Florida. The Town is located in Palm Beach County.

2. According to the 2000 U.S. Census, the Town has a total population of 8,721. Of this population, 4,256 (48%) are black. The Town's total black citizen voting age population is 38%. White voting age citizens comprise a fifty-three percent majority in the Town.

3. Defendants Patricia Plasket-Osterman, Jeff Carey, Ed Daly, and Kendall Rumsey are elected members of the Commission, a body established under the laws of the State of Florida and Article IV of the Charter for the Town. Defendant Desca Dubois, Mayor of Lake Park, serves as a fifth voting member of the Commission in legislative matters. All Defendants are sued only in their official capacity.

4. Lake Park's municipal form of government as set forth in its charter is "Commission-Manager." The elective offices are the Mayor and four Commissioners, each of whom are elected at-large to three-year staggered terms. The four Commissioners are

elected to Posts A, B, C, and D. Posts A and C have elections in the same year; Posts B and D are elected in the subsequent year.

5. Since Lake Park was incorporated in 1923, no black candidate for the Commission ever has won an election.

6. Were this matter to proceed to trial, the United States would prove using 2000 U.S. Census data that the black population of the Town of Lake Park is sufficiently numerous and geographically compact to constitute a majority of the voting-age population in as many as two reasonably compact voting districts under a hypothetical four-district plan. The parties therefore stipulate that the United States can establish the first Thornburg v. Gingles factor ("Gingles" factor) as to liability. 478 U.S. 30 (1986).

7. Were this matter to proceed to trial, the United States would prove, using statistical and non-statistical evidence, including analysis of the Town's past election returns and voting patterns, that the black population of Lake Park is politically cohesive, and that white persons vote sufficiently as a bloc to usually defeat the preferred candidate of black voters. The parties therefore stipulate that the United States can establish the second and third Gingles factors as to liability. 478 U.S. 30 (1986).

8. Defendants concede that there is a basis in both fact and law for believing that the current at-large method of electing Commissioners, under the totality of the circumstances, results in black citizens of the Town having less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice, in violation of Section 2.

3

9. The United States makes no claim of intent in this action. Proof of discriminatory intent is not necessary in proving a violation of Section 2 of the Voting Rights Act.

10. Defendants have agreed to discontinue the use of the current at-large method of electing the Commissioners, and, in place thereof, to adopt a limited voting plan that provides for the election of the Commissioners with concurrent terms. Under this limited voting plan, the voter may vote for only one candidate.

11. Defendants have agreed to support and seek passage of an ordinance, to be drafted by the Commission that would adopt the limited voting method of election set forth by this Decree.

THEREFORE, with the consent of the parties, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. The existing at-large method of electing the Commissioners of the Town of Lake Park, implemented in the totality of circumstances, results in a denial or abridgment of the right to vote on account of race or color in violation of Section 2 of the Voting Rights Act, 42 U.S.C. § 1973.

2. The current at-large method of electing the Commissioners is replaced by a limited voting plan providing for the election of four Commissioners with concurrent terms, in compliance with Section 2. Defendants shall adopt this revised election plan as follows:

   a. Four Commissioners shall be elected in town-wide contests under concurrent terms.

    b.    In such elections voters will be limited to casting a vote for only one candidate, in order to provide minority voters a reasonable opportunity to elect a candidate of their choice.

    c.    The four candidates receiving the highest number of votes shall be elected to the Town Commission.

3. The schedule for implementing the new method of election shall be as follows:

    a.    On March 9, 2010, in the regularly scheduled municipal election, four Commissioners shall be elected. Candidates shall run for three-year terms. Thereafter, all Commission members shall be elected to concurrent three-year terms on the Town's regular municipal election date.

    b.    Candidates shall qualify as candidates with the Lake Park Town Clerk.

4. Defendants shall codify this Limited Voting election system for the Commission seats set forth in the Town Charter and Code of Ordinances.

5. Except as inconsistent with or specifically altered by the terms of this Decree, all State and local laws shall continue to govern elections for the Commission.

6. Subsequent to the entry of this Decree, should Defendants or their successors desire to change or depart from the terms of the Decree, any such change, departure, or revision to the limited voting plan outlined in this Decree shall be made in compliance with Section 2 of the Voting Rights Act, and in accordance with constitutional standards.

7. This Court shall retain jurisdiction over this matter to enforce the provisions of the Decree and for such further relief as may be appropriate under the Voting Rights Act and the United States Constitution.

8. As between Defendants and the United States, each party shall bear all of its own costs, expenses, and attorneys' fees in this case.

9. The Clerk shall CLOSE this case.

ENTERED and ORDERED this 26 day of October 2009.

_____
UNITED STATES DISTRICT JUDGE

We ask for this:

FOR THE UNITED STATES OF AMERICA:


THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division


JEFFREY H. SLOMAN
Acting United States Attorney
Southern District of Florida
Veronica Harrell-James
Assistant United States Attorney

CHRISTOPHER COATES
Chief, Voting Section
TIMOTHY F. MELLETT
J. CHRISTIAN ADAMS
VERONICA SEUNGWON JUNG
ERNEST A. MCFARLAND
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue
Washington, D.C. 20530
(202) 616-4227 (phone)
(202) 307-3961 (facsimile)
J.christian.adams@usdoj.gov
Veronica.jung@usdoj.gov
Ernest.mcfarland@usdoj.gov

FOR THE TOWN OF LAKE PARK, COMMISSIONERS OF THE TOWN OF LAKE PARK IN THEIR OFFICIAL CAPACITY, AND MAYOR OF LAKE PARK IN HER OFFICIAL CAPACITY:

*[signature]*

THOMAS J. BAIRD
THOMAS J. BAIRD, P.A.
11891 U.S. Highway 1
Suite 100
North Palm Beach, FL 33408
(561) 625-4400 (phone)
(561) 625-0610 (facsimile)
tbaird@tjbairdlaw.com


ROBERT N. DRISCOLL
BRIAN D. FREY
Alston & Bird LLP
950 F Street,
NW Washington DC 20004
(202) 756 3470 (direct)
(703) 850 5058 (mobile)
bob.driscoll@alston.com


MICHAEL K. GROGAN
KORT PARDE
Allen Norton & Blue, P.A.
800 West Monroe Street,
Jacksonville, FL 32202
904-562-4480 (phone)
904-562-4499 (facsimile)
mgrogan@anblaw.com